RECEIVED
SDC, WESTERN DISTRICT OF L
TONY R. MOORE, CLERK
4/ 13/ 15

UNITED STATES DISTRICT COURT                    b

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

RAYSHAWN CHRISTMAS,                CIVIL ACTION
      Plaintiff                    SECTION "P"
                                   NO. 1:13-CV-02595
VERSUS

AVOYELLES CORRECTIONAL CENTER,     JUDGE TOM STAGG
et al.,                            MAGISTRATE JUDGE JAMES D. KIRK
      Defendants


## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 28 U.S.C. § 1983, in forms pauperis, by pro se plaintiff Rayshawn Christmas ("Christmas") on September 3, 2013 and amended on March 25, 2014 (Doc. 18). The named defendants are Dr. James McVea ("McVea") (a physician formerly employed at the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana), Jennifer Stickells ("Stickells") (a nurse employed at ACC), and Sandra Sibley (a registered nurse employed at ACC).[1]

Christmas contends that on May 23, 2011, when he reported a medical problem with priapism, defendants Stickells and Sibley

---

[1] In the amended complaint (Doc. 18), the State of Louisiana and the Avoyelles Correctional Center Medical Staff were also named as defendants. However, they were never served. Accordingly, it will be recommended that the complaint against these defendants be dismissed without prejudice under Fed.R.Civ.P. 4(m). See McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994); Systems Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Kersh v. Derosier, 851 F.2d 1509, 1512 (5th Cir. 1988).

accused him of playing a game, and Dr. McVea incorrectly diagnosed and treated the problem.  Christmas alleges that, on September 1, 2012, he was sent to Huey P. Long Hospital, where the cause of his priapism was correctly diagnosed and it was correctly treated. Christmas further contends that, in February 2014, the medical department at ACC is retaliating against him for filing this lawsuit by denying him medical care for blood in his stools.

For relief, Christmas asks for punitive and compensatory monetary damages.

Defendants answered the complaint (Docs. 59, 108)  and filed a motion for summary judgment (Doc. 112)[2] which is unopposed.

<u>Law and Analysis</u>

<u>Summary Judgment</u>

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for

---

[2] McVea was never served (Doc. 51).  McVea is no longer employed at ACC and ACC officials stated they have no forwarding address (Doc. 51).  However, defense counsel answered and filed a motion for summary judgment on behalf of all three named defendants.

purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material." A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap,

3

862 F.2d 1157, 1159 (5th Cir. 1989).   However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment.   Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82 (1992).

One Year Limitation Period for Medical Care Claim

Defendants contend that Christmas' action is prescribed. State law supplies the applicable limitations period and tolling provisions in federal actions.   Harris v. Hegmann, 198 F.3d 153, 157 (5th Cir. 1999), and cases cited therein.   Section 1983 actions in Louisiana are governed by a one year prescriptive period. La.C.C. art 3492; Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938 (1985); McGregor v. LSU Bd. of Supervisors, 3 F.3d 850, 864 (5th Cir. 1993), cert. den., 510 U.S. 1131, 114 S.Ct. 1103 (1994).   This prescriptive period commences to run from the date injuries or damages are sustained, Washington v. Breaux, 782 F.2d 553, 554 (5th Cir. 1986) or, under the doctrine of contra non valentum, from the time the plaintiff knew or could reasonably have known he had a cause of action, McGregor, 3 F.3d at 865.   Also, Corsey v. State Dept. of Corrections, 375 So.2d 1319, 1322 (La. 1979).

Christmas contends and shows his priapism was incorrectly diagnosed and treated by Dr. McVea on March 21, 2011[3] (Doc. 82, pp.

---

[3] Defendants also contend that Christmas did not state the dates of the events complained of until he amended his complaint in 2014.  However, Christmas' original complaint has documents

32-33; Doc. 84, Ex. 3, pp. 11-13/25), and that he discovered that he had been treated incorrectly when he was sent to Huey P. Long Hospital on September 1, 2012 (Doc. 1, Ex. 3; Doc. 82, p. 27/33; Doc. 84, Ex. 2, p. 6/25), where he received the correct diagnosis and treatment. Therefore, Christmas' claim culminated on September 1, 2012 and prescribed on September 1, 2013. Christmas filed this action on September 3, 2013 (Doc. 1). Since September 1, 2013 was a Sunday and September 2, 2013 was a federal holiday (Labor Day), Christmas' complaint was filed timely on September 3, 2013. See Fed.R.Civ.P. rule 6(a)(1)(C).

Since Christmas' complaint was filed within the one year limitation period, this issue is meritless.

Immunity

Defendants also contend the State of Louisiana is the real, substantial party in interest and that the State is immune from suit in federal court.

The Eleventh Amendment bars suit against a state official when the state is the real substantial party in interest. The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter. And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or

---

attached to it which contain the dates of the events at issue.

injunctive relief.  <u>Aguilar v. Texas Dept. of Criminal Justice</u>. 160 F.3d 1052, 1054 (5th Cir. 1998), cert. den., 528 U.S. 851, 120 S.Ct. 130 (1999).  Neither a state nor its officers acting in their official capacities are "persons" under Section 1983.  <u>Hafer v. Melo</u>, 502 U.S. 21, 112 S.Ct. 258, 362 (1991).

However, Section 1983 prescribes redress for conduct by any *person* who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.

Christmas did not specify whether he is suing the defendants in their official or individual capacities.  Therefore, defendants' motion should be granted in part and Christmas' action against McVea, Sibley, and Stickells in their official capacities should be dismissed due to Eleventh Amendment immunity.  Since Christmas' Section 1983 action is properly brought against McVea, Sibley, and Stickells in their individual capacities, defendants' motion should be denied as to Christmas' action against them in their individual capacities.

<u>Failure to State a Claim</u>

Finally, defendants contend Christmas failed to state a claim against them that is cognizable under Section 1983.  Christmas alleges two claims against defendants-one for the incorrect diagnosis and treatment of his priapism and one for denial of medical care (for his bloody stools) in retaliation for his filing

this suit.

Under the Eighth Amendment, a lack of proper inmate medical care can be "cruel and unusual punishment" only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976). A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation must be, objectively, sufficiently serious and the prison official's act or omission must result in the denial of the minimum civilized measure of life's necessities. Second, a prison official must have a sufficiently culpable state of mind, i.e. deliberate indifference to a prisoner's constitutional rights, to be subjected to a § 1983 liability to that prisoner. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1976 (1994). Because an inadvertent failure to provide adequate medical treatment does not violate the Eighth Amendment, deliberate indifference does not include a complaint that a physician has been negligent in diagnosing or treating a medical condition, Estelle, 97 S.Ct. at 291. Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

Although the Eighth Amendment does not, by its precise words, mandate a certain level of medical care for prisoners, the Supreme Court has interpreted it as imposing a duty on prison officials to

ensure that inmates receive *adequate* medical care.  A prison inmate can demonstrate an Eighth Amendment violation by showing that a prison official refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.  <u>Easter v. Powell</u>, 467 F.3d 459, 463-464 (5th Cir. 2006), citing <u>Domino v. Tex. Dep't of Criminal Justice</u>, 239 F.3d 752, 756 (5th Cir. 2001).  Also, <u>Chapman v. Johnson</u>, 2009 WL 2391496, *2 (5th Cir. 2009)(fact that defendant was aware that inmate had a serious injury and was instructed to provide pain relief medication, but did not do so, could demonstrate an Eighth Amendment violation).

Christmas complains that Dr. McVea treated his priapism by attempting to drain the blood, a procedure which was painful and did not help his condition.  Christmas contends the doctor at Huey P. Long Hospital correctly found that Christmas' blood pressure medication was causing his priapism and changed the medication.  This complaint against Dr. McVea alleges negligence or malpractice, but does not allege deliberate indifference to Christmas' serious medical needs.  Therefore, Christmas has failed to state an Eighth Amendment claim against Dr. McVea for denial of medical care.

Christmas also complains that, when he complained about his priapism, Nurses Sibley and Stickells told him to stop playing games.  However, Christmas does not contend they denied him medical

8

care, and the medical records show he was seen and treated by Dr. McVea.   Therefore, Christmas has not stated an Eighth Amendment claim against Sibley and Stickells for denial of medical care.

Finally, Christmas complains he was denied medical care for blood in his stools in retaliation for filing this action against the medical department at ACC.   Prison officials are prohibited from retaliating against inmates who complain of prison conditions or official misconduct.   Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir. 1986), cert. den., 476 U.S. 1117, 106 S.Ct. 1975 (1986), citing Ruiz v. Estelle, 679 F.2d 1115, 1153-1154 (5th Cir.), modified on other grounds, 688 F.2d 266 (5th Cir. 1982), cert. den., 460 U.S. 1042, 103 S.Ct. 1438 (1983).

To state a retaliation claim, a claimant must allege both that the type of activity that he engaged in was protected under the constitution and that the state impermissibly infringed on his right to engage in the protected activity.   Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985), citing Owens v. Rush, 654 F.2d 1370 (10th Cir. 1981).   Also, Hale v. Townley, 19 F.3d 1068. 1072-73 (5th Cir. 1994); Crowley v. Sinyard, 884 F.2d 804, 812 n.9 (5th Cir. 1989), cert. den., 496 U.S. 924, 110 S.Ct. 2617 (1990).   A prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation.   Causation

requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." <u>Johnson v. Rodriguez</u>, 110 F.3d 299, 310 (5th Cir. 1997), cert. denied, 522 U.S. 995 (1997), citing <u>Woods</u>, 60 F.3d at 1166.  The inmate must allege more than his personal belief that he is the victim of retaliation.  <u>Jones v. Greninger</u>, 188 F.3d 322, 324-25 (5th Cir. 1999).  The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.  <u>Jones</u>, 188 F.3d at 324-325, citing <u>Woods</u>, 60 F.3d at 1166.

In the case at bar, Christmas contends the prison officials discovered he had filed this action against the ACC medical department before he requested medical care for "hemorrhoids" and "blood" twice in February 2014.  However, the medical records show that Christmas was examined in February 2014 and no hemorrhoids were found (Doc. 32, Ex. 2, pp. 3-4).  Moreover, Christmas has not shown that any of the named defendants denied him medical care for hemorrhoids and bloody stools in 2014.  Dr. McVea was no longer employed at ACC by that time, and Christmas has not alleged or shown that Stickells or Sibley denied him medical care for his complaints of hemorrhoids and blood.  Christmas only vaguely suggests that Nurse Sibley is responsible for Christmas being denied all medical care due to his filing the lawsuit because she found out about his lawsuit (Doc. 18, p. 7/11).  Since Christmas

10

has not shown that he was denied medical care by the named defendants, Christmas has failed to state a retaliation claim against them.

Since there are no genuine issues of material fact and Christmas failed to state claims for denial of medical care and retaliation, defendants motion for summary judgment (Doc. 112) should be granted.

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. 112) be GRANTED and Christmas' action against all defendants be DENIED AND DISMISSED WITH PREJUDICE.

IT IS ALSO RECOMMENDED that the complaint against McVea, the State of Louisiana[4] and the Avoyelles Correctional Center medical staff be dismissed without prejudice under Fed.R.Civ.P. 4(m).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental

---

[4] Even if they had been served, the State of Louisiana would have been entitled to Eleventh Amendment immunity, and the "medical staff" would have been dismissed because is it not a "person" within the meaning of Section 1983.

objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before making a  final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _13th_ day of April 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE